PSSU, LOCAL 668, OF SEIU,
AFL–CIO, Petitioner,

v.

PA LABOR RELATIONS
BOARD, Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 2000.
Decided Dec. 6, 2000.

Bruce M. Ludwig, Philadelphia, for petitioner.

Jennifer E. Will, Harrisburg, for respondent.

Lisa K. Essman, Harrisburg, for intervenor, Com.

Before McGINLEY, Judge, LEADBETTER, and Judge, JIULIANTE, Senior Judge.

LEADBETTER, Judge.

Pennsylvania Social Services Union, Local 668 of SEIU, AFL–CIO (PSSU) appeals from the order of the Pennsylvania Labor Relations Board (Board) which held that a written dress code policy unilaterally instituted by the Commonwealth of Pennsylvania (employer) was not a mandatory subject of collective bargaining. Upon review, we affirm.

In 1991, employer issued its first memorandum relating to appropriate office at-

tire for employees in the Luzerne County Assistance Office (CAO). The memo instructed employees to wear "clothing appropriate to the office setting" because CAO "is an office which provides a service and is open to the general public." In 1997, employer issued a second memorandum regarding the conduct and appearance of CAO employees which required employees to "wear clothing that is considered appropriate attire for a business atmosphere." The memo further stated that "clothing that is tight, short, and/or revealing is not consistent with the professional image that we want to project." Prior to the dress code memoranda, there was an ongoing expectation that CAO employees dress appropriately.

On April 24, 1998, employer issued a third memorandum regarding appropriate attire for office employees. The memo explained employer's continuing interest in ensuring that the public is served in a professional environment. Further, it explained in detail that certain clothing is inappropriate for a business atmosphere. Specifically, the memo provided that:

"Recreational clothing," such as halter tops, T-shirts or sweatshirts with slogans or advertisements, shorts, sandals without socks or foot coverings, sweat suits, frayed or tattered jeans and sneakers, or similar apparel is not acceptable attire.

The 1998 memo also provided that employees wearing unacceptable attire would be disciplined in accordance with the following policy:

(1) First occurrence—Advised that their attire is inappropriate for our office setting. Unless attire is outrageous, the employee will be allowed to work out the shift.

(2) Second occurrence—Employee will be required to leave work on their own chargeable time and change to suitable attire before returning to duty.

(3) Third occurrence—Disciplinary action will be instituted.

By letter dated June 9, 1998, PSSU demanded employer "cease and desist from any further discussions around dress codes" and "enter into the bargaining process over the issue" because the implementation of a dress code is a change in working conditions requiring collective bargaining.

On August 3, 1998, PSSU filed an unfair labor charge with the Board alleging that employer had violated Sections 1201(a)(1) and (5) of the Public Employe Relations Act (PERA)[1] by unilaterally implementing a new dress code policy.[2] The Secretary of the Board declined to issue a complaint reasoning that a dress code for professional employees under PERA is a matter of managerial prerogative[3] and, therefore, is

---

1. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. § 1101.1201(a)(1) and (5). Section 1201 provides in pertinent part:

§ 1101.1201. Unfair practices by public employers and employe organizations; acts prohibited

(a) Public employers, their agents or representatives are prohibited from:

(1) Interfering, restraining or coercing employes in the exercise of their rights guaranteed in Article IV of this act [regarding employes' right to join employe organizations or to engage in collective bargaining under 43 P.S. § 1101.401].

. . . .

(5) Refusing to bargain collectively in good faith with an employe representative which is the exclusive representative of employes in an appropriate unit . . .

2. It is undisputed that the Commonwealth is a public employer and PSSU is an employee organization as defined by PERA. Further, PSSU is the exclusive representative of a bargaining unit that includes income maintenance caseworkers, income maintenance supervisors and energy assistance workers at the Department of Public Welfare assistance office in Luzerne County.

3. Section 1101.702 provides as follows:

Public employers **shall not be required to bargain over matters of inherent managerial policy,** which shall include but shall not be limited to such areas of discretion or policy as the function and programs of the public employer, standards of services, its overall budget, utilization of technology, the organizational structure and selection and

not subject to the bargaining provisions of Section 1201(a). PSSU excepted to the Board, which remanded the matter to the Secretary with direction to issue a complaint. On November 24, 1998, the Secretary issued a complaint and notice of hearing. Based upon the April 1, 1999 hearing, the hearing examiner concluded that employer's unilateral implementation of a dress code policy, without bargaining with PSSU, was an unfair labor practice in violation of Section 1201(a). The hearing examiner ordered the rescission of the written dress code along with any discipline imposed pursuant to the policy. Employer filed exceptions with the Board. The Board applied the balancing test set forth by our Supreme Court in *Pennsylvania Labor Relations Board v. State College Area School District,* 461 Pa. 494, 337 A.2d 262 (1975) and held that the dress code was not a mandatory subject of collective bargaining under Section 701 of PERA.[4] This appeal followed.

On appeal, PSSU first contends that the imposition of a restrictive dress code, which prohibits forms of clothing typically worn by employees and imposes discipline for the violation of the policy, is a mandatory subject of bargaining under PERA. PSSU contends that the Board erroneously applied the *State College* balancing test to the facts at hand based on the demonstrable impact of a written dress code on the legitimate interest of the CAO employees. PSSU cites to the decision of the hearing examiner in support of its contention that a restrictive dress code impacts on the interests of the employees, specifically their interests in freedom of choice of attire, physical comfort as well as the im-

pact of the disciplinary penalties attached to the policy.

■ The Board will find an unfair labor practice in violation of Sections 1201(a)(1) and (5) where an employer unilaterally changes a mandatory subject of bargaining under Section 701 of PERA. *Appeal of Cumberland Valley Sch. Dist.,* 483 Pa. 134, 394 A.2d 946 (1978). However, an employer may make policy concerning matters of inherent managerial policy in accordance with Section 702 without committing an unfair practice. *See* 43 P.S. § 1101.702. Therefore, the relevant inquiry before the Board was whether the dress code policy was a mandatory subject of bargaining or a matter of inherent managerial prerogative.

The Supreme Court gave the following guidance in making the critical distinction between a mandatory subject of bargaining and a managerial prerogative in *State College School District:*

> [W]here an item of dispute is a matter of fundamental concern to the employes' interest in wages, hours and other terms and conditions of employment, it is not removed as a matter subject to good faith bargaining under section 701 simply because it may touch upon basic policy. It is the duty of the Board in the first instance and the courts thereafter to determine whether the impact of the issue on the interest of the employe in wages, hours and terms and conditions of employment outweighs its probable effect on the basic policy of the system as a whole. If it is determined that the matter is one of inherent managerial policy but does affect wages, hours and terms and conditions of employment, the public employer shall be

---

direction of personnel. Public employers, however, shall be required to meet and discuss on policy matters affecting wages, hours and terms and conditions of employment as well as the impact thereon upon request of the public employe representatives.

43 P.S. § 1101.702 (emphasis added).

**4.** Section 1101.701 provides in pertinent part:

Collective bargaining is the performance of the mutual obligation of the public employer and the representative of the public employes to meet at reasonable times and confer in good faith with respect to wages, hours and other terms and conditions of employment ...

43 P.S. § 1101.701.

required to meet and discuss such subject upon the request of the public employes' representative pursuant to section 702.

*State College School District,* 461 Pa. at 507, 337 A.2d at 268.

■ Initially, we note that upon determining that this case presents a possible issue of first impression, the Board appropriately reviewed the law of other jurisdictions in making its determination. The Board then properly applied the *State College* balancing test and concluded that employer had a substantial interest in the professional delivery of services which substantially outweighed the impact of the policy on the employees. In support of its conclusion, the Board noted the following record evidence:

(1) clients of the CAO rely on the caseworkers to be professional and conduct themselves in an appropriate manner; (2) the CAO wants to instill confidence in their clients that they are receiving professional social services from the caseworkers and DPW; (3) CAO employes meet with clients, community service agencies, lawyers and the general public; (4) the CAO is concerned that the employes will send a negative message to community service agencies and the community in general if the employes are dressed in halter tops, tight, revealing clothes and cutoff jeans; [and] (5) CAO employes conduct workshops where they instruct clients regarding grooming, appearance and appropriate dress for the workplace.

*PSSU Local 668, SEIU, AFL–CIO, CLC v. Department of Public Welfare,* No. PERA–C–98–353–E (Final Order, December 21, 1999). Based upon employer's substantial interest in providing professional services to the public, the Board properly concluded that a dress code, which outlines specific minimum standards of appropriate attire, is appropriately within employer's managerial prerogative and is not subject to collective bargaining. While PSSU contends that CAO employees have a substantial interest in choosing their own attire and dressing comfortably, PSSU was required to present evidence in support of these assertions on the record. However, PSSU provided no evidence of impact and, in fact, the only CAO employee to testify did not state that the dress code impacted his duties or physical comfort in any way. Finally, the parties' collective bargaining agreement (CBA) delineates their negotiated disciplinary system and the 1998 dress code memorandum does not alter or conflict with that agreement. Article 31 of the CBA requires that employees "be apprised of conduct requirements for violation of which they may be disciplined.... Such appraisal may be by ... general means such as bulletin board notice or general mailing." The circulation of the memorandum duly informed the CAO employees of the conduct for which discipline may be imposed, *i.e.* three occurrences of an employee wearing unacceptable attire.

■ PSSU also attempts to challenge the 1998 memorandum governing appropriate office attire as vague and overbroad. However, upon further examination, the memo clearly sets out employer's expectations with regard to acceptable dress. CAO employees are required to meet minimal standards of dress, avoiding only such recreational clothing as halter tops, t-shirts and sweatshirts bearing slogans, shorts, tattered jeans and sneakers. This policy plainly delineates the directives of employer and is neither vague nor overbroad.

■ PSSU next contends that the Board committed error by failing to address the issue of whether employer is required to bargain over the impact of the dress code policy on employee wages, hours and terms and conditions of employment. However, PSSU raises the issue of impact bargaining for the first time in this appeal and, accordingly, the issue is waived. Further, PSSU failed to charge employer with refusing to bargain the impact of the dress code. It is apparent from PSSU's unfair labor charge that it

was challenging the dress code as a mandatory subject of bargaining, rather than asserting its separate impact on the terms and conditions of employment of CAO employees. Because PSSU made no such charge, the Board appropriately declined to conduct an impact bargaining analysis.[5]

Finally, PSSU contends that the Board made findings of fact unsupported by substantial evidence. Specifically, PSSU challenges the Board's Additional Findings of Fact Nos. 14–16. However, upon review, we conclude that the findings of the Board are fully supported by the record.

Accordingly, we affirm the final order of the Pennsylvania Labor Relations Board.

### ORDER

AND NOW, this 6th day of December, 2000, the order of the Pennsylvania Labor Relations Board in the above-captioned matter is hereby AFFIRMED.

---

**5.** Both the Board and PSSU assume that PERA *imposes an impact* bargaining requirement, although this interpretation is arguably at odds with 43 P.S. § 1101.702, which im-

poses only a "meet and discuss" obligation. This court has not decided this issue and we need not do so at this time.